IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CASEY ATES,<br>GDC ID # 527461,<br>    Plaintiff, | :<br>:<br>: | PRISONER CIVIL ACTIONS<br>42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| IRIS ARNOLD, ROBERT KELLER,<br>KEY MCGUIRE, WILLIAM TERRY,<br>CYNTHIA NELSON, | :<br>:<br>: | 1:16-CV-01089-TWT-JCF |
| | : | |
| GA. BD. OF PARDONS AND PAROLES,<br>COCHRAN POLICE DEPT., | :<br>: | 1:16-CV-01266-TWT-JCF |
| | : | |
| JUDGES C. ASHLEY ROYAL &<br>LESLIE J. ABRAMS, | :<br>: | 1:16-CV-01506-TWT-JCF |
| | : | |
| | : | |
| TERRY E. BARNARD, BRIAN OWENS,<br>BRAXTON T. COTTON,<br>IRIS SHEPARD, JARED DANIELS,<br>HEATH WILLIAMS, JAMES W. MILLS,<br>ALBERT R. MURRAY, | :<br>:<br>:<br>:<br>: | 1:16-CV-01586-TWT-JCF |
| Defendants. | | |

**MAGISTRATE JUDGE'S ORDER AND**
**FINAL REPORT AND RECOMMENDATION**

Plaintiff has received leave to proceed *in forma pauperis* in Cases -1089, -1266 and -1506. For the purpose of dismissal only, Plaintiff's application for leave to proceed *in forma pauperis* in Case -1586 is **GRANTED**. These four cases are now

ready for initial review.

## I.     **The Legal Framework**

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). Title 28 U.S.C. § 1915A requires a federal court to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or from an officer or employee of such an entity, to determine whether the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous when it "has little or no chance of success"—for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). To have some chance of success, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

## II. Discussion

### A. Case -1089

Plaintiff, a state prisoner, submitted his complaint in -1089 on March 28, 2016. (-1089, Doc. 1 at 4). The Court ordered Plaintiff to file an amended complaint, which he did. (-1089, Doc. 4). Plaintiff sues Parole Officer Iris Arnold, Police Chief Key McGuire, Warden William Terry, Member of the State Board of Pardons and Paroles Robert Keller and Warden (at the time) Cynthia Nelson. (*Id.* at 3). Although Plaintiff's pleadings are hardly a model of clarity, it appears that he is challenging his parole revocation in 2008 and a two-week delay in his release from state prison in 2010 after he had obtained habeas relief in state court. (*Id.*, Docs. 1, 3, 4, 6). Plaintiff has also filed an undated motion for a preliminary injunction regarding his alleged limited access to a law library. (Doc. 8).

Attached to Plaintiff's amended complaint is an order from Judge Leslie Abrams of the United States District Court for the Middle District of Georgia — who is a

3

Defendant in Case -1506 — regarding similar claims that Plaintiff raised in that court in 2015.  (*Id.*, Doc. 4-4).  Judge Abrams stated:

> Plaintiff's complaint is dated January 16, 2015. Plaintiff's claim against Warden Terry accrued in August 2010, when Plaintiff was released pursuant to Judge Ennis's habeas order. Any claims arising out of Plaintiff's parole revocation accrued in 2008. Plaintiff was clearly aware of these claims, as he asserted them in the section 1983 action he filed in this Court in 2011. It thus "appear[s] beyond a doubt from the complaint itself that [Plaintiff] can prove no set of facts which would avoid a statute of limitations bar." *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003).

(*Id.*, Doc. 4-4 at 5 (order of dismissal in *Ates v. Arnold, McGuire, Terry & Keller*, No. 5-15-CV-21-LJA-MSH (M.D. Ga. June 18, 2015))).  It also "appear[s] beyond a doubt" (*id.*) that Plaintiff's claims in -1089 are time-barred as well.  And to the extent that he seeks to challenge his more recent parole revocation, in March 2015, his claims are also barred, for a different reason, as discussed below.

### B.   Case -1266

Plaintiff submitted his complaint in -1266 on April 5, 2016.  (-1266, Doc. 1 at 5).  Because neither of the Defendants that Plaintiff named is amenable to suit in Georgia, on April 22 the Court ordered him to file an amended complaint within 21 days.  (*Id.*, Doc. 3).  To date, Plaintiff has not done so, although he did file a motion for a preliminary injunction, identical to the motion he filed in -1089, which the Clerk

4

received on May 4. (*Id.*, Doc. 4). In his complaint, Plaintiff alleges that his parole was revoked in 2015 on trumped-up charges, although he has been unable to prove this allegation in state court due to a conspiracy between the Cochran Police Department and the State Board of Pardons and Paroles. (*Id.*, Doc. 1 at 1-4). He seeks damages. (*Id.* at 4). As discussed below, these claims are barred by the doctrine enunciated in *Heck v. Humphrey*, 512 U.S. 477 (1994).

### C.     Case -1506

Plaintiff submitted his complaint in -1506 on May 2, 2016. (-1506, Doc. 1 at 5). He sues two federal judges of the United States District Court for the Middle District of Georgia for failing to enforce the final state court order vacating his parole revocation, issued by the "[B]ibb. Co. Tribunal." (*Id.* at 3-4). He seeks an injunction and court costs. (*Id.* at 4).

As discussed below, these claims fail even if Plaintiff could sue these federal judges, which he may not do because they enjoy absolute immunity from his claims. *See Allen v. Florida*, 458 Fed. Appx. 841, 843 (11th Cir. 2012) ("Judges are entitled to absolute immunity from suits for acts performed while they are acting in their judicial capacity unless they acted in complete absence of all jurisdiction. Immunity applies even when the judge's acts are in error, malicious, or in excess of his or her

5

jurisdiction." (citation and internal quotations omitted) (citing *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)); *see also Kapordelis v. Carnes*, 482 Fed. Appx. 498, 499 (11th Cir. 2012) (noting that "§ 1983 limit[s] the relief available to plaintiffs [from federal judges] to declaratory relief" (internal quotations omitted); *Bolin*, 225 F.3d at 1242 (noting that not only does "the 1996 amendment to § 1983 [] limit the relief available to plaintiffs to declaratory relief," but they also "are not entitled to declaratory relief as there is an adequate remedy at law[, and] for this reason as well, the district court properly dismissed plaintiffs' claims against the defendant judges").

### D.     Case -1586

Plaintiff submitted his complaint in -1586 on May 10, 2016.  (-1586, Doc. 2 at 5).  He sues a Dublin, Georgia parole officer, members of the State Board of Pardons and Paroles and officials of the Georgia Department of Corrections and of Cochran, Georgia, a city located in Bleckley County, which lies within the jurisdiction of the United States District Court for the Middle District of Georgia.  (*Id.* at 3).  Plaintiff complains about the procedures used in revoking his parole in March 2015.  (*Id.* at 3-4).  He seeks damages.  (*Id.* at 4).

### E.     Plaintiff's Challenges To His 2015 Parole Revocation Are Barred.

The Court takes judicial notice that Plaintiff is currently challenging, via a

6

habeas corpus action in the United States District Court for the Middle District of Georgia, the very same March 2015 parole revocation from whose procedures and consequences he seeks relief here. *See Ates v. Holt*, 5:16-cv-22-MTT-CHW (M.D. Ga., docketed Jan. 15, 2016). Plaintiff's habeas petition is proceeding towards a resolution of his claims. *See id.*, Doc. 13 at 1-2 (giving Plaintiff until April 14, 2016 to respond to respondent's motion to dismiss the petition due to Plaintiff's failure to exhaust his state court remedies); *id.*, Doc. 17 at 1-2 (respondent's May 19, 2016 response to Plaintiff's motion for discovery, stating, "[Plaintiff] filed this petition challenging the March 19, 2015, decision of the State Board of Pardons and Paroles, revoking his parole in his November 1997 Bleckley County guilty plea convictions and sentences for sale of cocaine, felony obstruction, and felony shoplifting. Respondent moved to dismiss the petition for lack of exhaustion, as [Plaintiff] has not exhausted his grounds in the state courts, and he also dismissed two state habeas corpus cases prior to any evidentiary hearings going forward."); *id.*, Doc. 12 (respondent's March 11, 2016 motion to dismiss, with supporting exhibits).

Under *Heck*, 512 U.S. at 486-87, Plaintiff may not recover damages for "harm caused by actions whose unlawfulness would render [his current] . . . sentence invalid, [without first proving] . . . that the . . . sentence has been reversed on direct appeal" or

7

otherwise expunged, declared invalid, or called into question. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (noting that the Court's relevant precedents, "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration"). Plaintiff has failed to offer any evidence that his March 2015 parole revocation has been reversed or even called into question. Apparently it has not, either in state or federal court. Plaintiff thus has failed to state a plausible claim for relief with respect to this revocation in any of his four recently filed lawsuits.

### III. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaints in -1089, -1266, -1506 and -1586 be **DISMISSED** for failure to state a claim and that his motions for a preliminary injunction (-1089, Doc. 8; -1266, Doc. 4) be **DENIED**. *See* 28 U.S.C. § 1915A.

8

The Clerk is **DIRECTED** to withdraw the references to the Magistrate Judge.

**SO ORDERED and RECOMMENDED** this 6th day of June, 2016.

                            /s/ *J. CLAY FULLER*
                            J. CLAY FULLER
                            United States Magistrate Judge